Gary GIBSON, Plaintiff-Respondent,

v.

CITY OF RACINE POLICE & FIRE COMMISSION, Defendant-Appellant.

Court of Appeals

*No. 84–916. Submitted on briefs December 27, 1984.—*
*Decided February 6, 1985.*
(Also reported in 366 N.W.2d 144.)

For the defendant-appellant, the cause was submitted on the briefs of *Daniel P. Wright,* of the *City Attorney's Office,* of Racine.

For the plaintiff-respondent, the cause was submitted on the brief of *Linda S. Vanden Heuvel,* of *Vanden Heuvel Law Offices,* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.  The Racine Police and Fire Commission appeals the circuit court's decision setting aside police officer Gary Gibson's ten-day suspension without pay.  We hold that Gibson's service by mail, rather than by personal service upon the secretary of the commission, does not constitute compliance with the statutory requirement regarding how notices of appeal, in cases of this type, are to be served.  Because of the improper notice, the trial court lacked personal jurisdiction over the matter.  We therefore reverse and remand this case with directions that it be dismissed.

Officer Gibson was charged with violating police department rules relating to the preservation of evidence and misappropriation of property.  The chief of police offered an agreement with Gibson for a ten-day suspension with five days held in abeyance for one year.  Gibson refused the offer.  The chief then imposed a ten-day suspension without pay.  Gibson requested a formal hearing by the Racine Police and Fire Commission.  The commission held a hearing on the matter and found that the charges were sustained.  The commission imposed a ten-day suspension for officer Gibson's violations.

Gibson then filed a notice of appeal to the circuit court for judicial review of the matter.  Service of the notice of appeal to the commission was undertaken by mailing a copy of the notice to the secretary of the police and fire commission by regular mail.  The commission objected to the circuit court's jurisdiction but that court considered the case on its merits.  It held that although

a substantial and credible basis exited for the commission's imposition of penalty, the penalty was constitutionally defective because it was significantly greater than the informal agreement offered by the chief of police. The commission appeals.

We will not reach the merits because we agree with the commission that service of the notice of appeal was defective and, as a consequence, the circuit court never acquired personal jurisdiction over the commission.

Section 62.13(5)(i), Stats., sets forth the procedure for appealing a determination of the police and fire commission. It states:

Any person suspended . . . by the board may appeal from the order of the board to the circuit court by *serving written notice* thereof on the secretary of the board within 10 days after the order is filed.

At issue on this appeal is whether the written notice may be mailed or whether it must be personally served pursuant to sec. 801.11, Stats.

An "appeal" to the circuit court from an award of an administrative body is mislabeled "appeal." *See In re Petition of Wisconsin Electric Power Co.,* 110 Wis. 2d 649, 657, 329 N.W.2d 186, 190 (1983). When the previous proceedings between the parties were administrative, not judicial proceedings, the "appeal" is more properly designated as the commencement of an action in the circuit court. *Id.*

The service of a notice of appeal from an administrative proceeding is comparable to the service of summons commencing a legal action and conferring personal jurisdiction over the party served. *Id.* at 660, 329 N.W.2d at 191. Our appellate courts have required strict compliance with statutes governing service of summons unless the party waives the defect. *Id. See also 519 Corp. v.*

*Department of Transportation,* 92 Wis. 2d 276, 285–87, 284 N.W.2d 643, 648–49 (1979).

When a statute prescribes how service is to be made, the statute determines the matter. For instance, in the *Wisconsin Electric Power Co.* and *519 Corp.* cases, the statutes in question were secs. 32.05(10)(a) and 32.06 (10), Stats., relating to condemnation proceedings. Those statutes require that notice of appeal be given to the condemnor by certified mail *or* by personal service. Conversely, sec. 62.13(5)(i), Stats., does not describe *how* service is to be made, although it does specify *who* is to be served. When a specific statute does not explain how service of process is to be made, service must be effected according to sec. 801.11, Stats. Section 801.11(4) requires personal service. Because sec. 62.13(5)(i) requires that service be made on the secretary of the board, we conclude that personal service has to be made upon that secretary.

It should be noted that Gibson takes issue with the conclusion that sec. 801.11, Stats., is the applicable statute. He points to secs. 801.14(1) and 801.14(2), Stats. Section 801.14(1) relates to service of "every written notice." Section 801.14(2) allows service to be made by "delivering a copy or by mailing it to the last-known address." Gibson argues that because sec. 62.13(5)(i), Stats., specifically uses the words "written notice," therefore sec. 801.14(1) and (2) is the appropriate statute to use. We cannot accept that argument. Section 801.14 (2) expressly states "[t]*he first sentence of this subsection shall not apply to service of a summons or of any process of court* or of any paper to bring a party into contempt of court." (Emphasis added.) Since our supreme court has already determined that a "notice of appeal" from an administrative proceeding is in reality the equivalent of a summons commencing a legal action

154

and, at the very least, is the process by which circuit court action is commenced, sec. 801.14(2) does not apply. We are, therefore, constrained to reverse.

*By the Court.*—Judgment and order reversed and cause remanded with directions.