IN the MATTER OF CHARGES FILED AGAINST Lieutenant Garilyn TRUTTSCHEL:

Lieutenant Garilyn TRUTTSCHEL, Appellant,

v.

Police Chief Hugh MARTIN, Respondent.

Court of Appeals

No. 96–2183–FT. *Submitted on briefs November 14, 1996.—Decided January 30, 1997.*

(Also reported in 560 N.W.2d 315.)

For the appellant the cause was submitted on the briefs of *D. Michael Guerin and Kathryn A. Keppel* of *Gimbel, Reilly, Guerin & Brown* of Milwaukee.

For the respondent the cause was submitted on the brief of *Ronald S. Stadler and Alison E. Brewer* of *Stadler & Schott s.c.* of Brookfield.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

ROGGENSACK, J. Lieutenant Garilyn Truttschel appeals a circuit court order dismissing her appeal from an order of the Oconomowoc Board of Police and Fire Commissioners (the Commission) which found that charges issued against her by Oconomowoc Police Chief Hugh Martin were reasonable. The circuit court concluded that Truttschel had not followed the procedures required by § 62.13(5)(i), STATS., to obtain circuit court review of the Commission's decision. It also held that the Commission had no standing to commence an action for review of its own decision, so when it filed a petition and certified the record of the proceedings to the clerk of court, it did not commence a statutory review. Because we conclude that Truttschel followed the directive of § 62.13(5)(i) and that the Commission's certification of the record of proceedings to the clerk of court caused the action to be "at issue" under the terms of the statute, we reverse and remand for further proceedings in circuit court.

## BACKGROUND

On March 26, 1996, Martin issued charges against Truttschel, which proposed a suspension of seven days and requested a meeting of the Commission to address the charges. On June 4, 1996, after holding earlier hearings, the Commission issued its findings, determination and order which upheld the charges, but reduced the recommended suspension from seven days to four days. On June 14, 1996, Truttschel personally served written notice on George Wallis, secretary of the Commission, that she was appealing the Commission's

decision. On June 19th, the Commission filed a document entitled "Petition for Circuit Court Review" and another document entitled "Certification of the Record of Proceedings," with the clerk of court. The latter document transmitted the record to the clerk of court, who then assigned the matter Waukesha County case number 96-1264.

On July 8, 1996, Martin, not the Commission, filed a motion to dismiss,[1] alleging that because Truttschel's June 14th notice did not comply with § 62.13(5)(i), STATS., she had not properly initiated an appeal of the Commission's decision. Martin also alleged that because the Commission lacked standing to appeal its own decision, its filings with the clerk of court did not commence circuit court review on Truttschel's behalf. The trial court granted Martin's motion, after concluding that Truttschel had not complied with the statute. It also concluded that because the Commission was not within the class of persons who have appeal rights under the statute, it did not have standing to appeal. Therefore, the documents the Commission filed with the clerk of circuit court could not have commenced Truttschel's appeal.

## ANALYSIS

**Scope of Review.**

What occurred is not disputed. Therefore, our decision turns on the legal significance of the undisputed facts. Construction of a statute, or its

---

[1] Truttschel does not question Martin's authority to do so. Therefore, we do not address that issue here. See *Waushara County v. Graf*, 166 Wis. 2d 442, 480 N.W.2d 16 (1992).

application to undisputed facts, is a question of law, which we decide independently, without deference to the trial court's determination. *Minuteman, Inc. v. Alexander*, 147 Wis. 2d 842, 853, 434 N.W.2d 773, 778 (1987).

## Construction of Section 62.13(5)(i), STATS.

There is no question that Truttschel intended to appeal the Commission's decision, as both her letter to Wallis and the Commission's petition show. Rather, we are asked to determine whether Truttschel's serving a written notice of appeal on the secretary of the Commission is sufficient to preserve her appeal rights, when the Commission thereafter transmits the record of the proceedings to the clerk of court. Or, whether Martin's contention that Truttschel was required first to commence an action in circuit court and then to serve a copy of those pleadings on the secretary of the Commission, is the statutorily proscribed method of appeal. This is a question of first impression.

When we are asked to apply a statute whose meaning is in dispute, our efforts are directed at determining legislative intent. *Katie T. v. Justin R.*, 204 Wis. 2d 401, 407, 555 N.W.2d 651, 654 (Ct. App. 1996). In attempting to determine the intent of the legislature, we begin with the plain meaning of the language used in the statute. *Id.* If the language of the statute clearly and unambiguously sets forth the legislative intent, our inquiry ends, and this court must apply that language to the facts of the case. However, if the language used in the statute is capable of more than one meaning, this court will determine legislative intent from the words of the statute in relation to its context, subject matter, scope, history, and the object

which the legislature intended to accomplish. *Chicago and North Western Transp. Co. v. Office of Comm'r of Railroads*, 204 Wis. 2d 1, 7, 553 N.W.2d 845, 848 (Ct. App. 1996).

We are asked to determine the manner in which Truttschel was required to proceed in order to initiate an appeal. Section 62.13(5)(i), STATS., states in relevant part:

> Any person suspended, reduced, suspended and reduced, or removed by the board may appeal from the order of the board to the circuit court by serving written notice of the appeal on the secretary of the board within 10 days after the order is filed. Within 5 days after receiving notice of the appeal, the board shall certify to the clerk of the circuit court the record of the proceedings, including all documents, testimony and minutes. The action shall then be at issue . . . . The question to be determined by the court shall be: Upon the evidence is there just cause, as described under par. (em), to sustain the charges against the accused? . . . [T]he clerk's fees shall be paid by the city.

The language of the statute is clear and unambiguous in regard to what Truttschel must do. She must serve written notice of her appeal on the secretary of the Commission, within ten days after its decision was filed. She did so. Within five days of receiving Truttschel's notice of appeal, the Commission was required to certify the record of its proceedings to the circuit court. It did so. Until Martin, who has no statutory role in the appeals procedure, moved to dismiss, it appeared the Commission and Truttschel were in agreement about how the statute operated.

Martin argues that because this court likened the appeal of the decision of an administrative body to the commencement of an action in circuit court in *Gibson v. City of Racine Police and Fire Comm'n,* 123 Wis. 2d 150, 152, 366 N.W.2d 144, 145 (Ct. App. 1985), we have already decided that Truttschel should have started an action in circuit court and also should have served the secretary of the Commission within ten days of the Commission's filing its order. Martin's reliance on the dicta from *Gibson* is misplaced.

In *Gibson,* we examined only whether service by regular mail was effective. We relied on *Gangler v. Wisconsin Elec. Power Co.,* 110 Wis. 2d 649, 657, 329 N.W.2d 186, 190 (1983), for the passage Martin quotes. *Gangler* is an appeal from the award of a condemnation commission. It arises out of § 32.05(10), STATS. Section 32.05(10) states in relevant part: "(A)ny party . . . may appeal . . . . Notice of such appeal shall be given to the clerk of the circuit court . . . . The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant." Therefore, under § 32.05(10) the person appealing must file a notice of appeal with the clerk of court; and it is that notice which causes the clerk to establish the circuit court action. No such directive is set forth in § 62.13(5)(i), STATS. In § 62.13(5)(i), only the Commission is required to provide anything to the clerk of court, *i.e.,* to transmit the record. If the legislature had intended to require disciplined employees appealing under § 62.13(5)(i) to file with the clerk of court in order to commence their appeals, it could have directed that they do so, as it has done in other areas of the statutes.[2]

───────────

[2] *See, e.g.,* § 32.05(10), STATS.; see also, § 227.53(1)(a), STATS., which directs: "Proceedings for review shall be instituted

## Standing.

The trial court also agreed with Martin's theory that because nothing in § 62.13(5)(i), STATS., gave the Commission the right to appeal, it had no "standing." Therefore, the theory assumes, because a "petition" had to be filed with the clerk of court in order for an appeal to begin, the petition the Commission filed with the clerk of court on June 19th couldn't have triggered the appeal.

Questions of standing are generally raised when it is alleged that the person moving forward with litigation, or an appeal, was not aggrieved by the action for which court intervention is sought. *Family Planning Health Services v. T.G.*, 158 Wis. 2d 100, 106-07, 461 N.W.2d 794, 796 (Ct. App. 1990). The record does not show that anything the Commission filed was an attempt to appeal its own decision. The document entitled "Petition for Circuit Court Review," which accompanied the transmittal of the record, recites that Truttschel filed a notice of appeal with the Commission; that the circuit court has jurisdiction pursuant to § 62.13(5)(i), STATS.; and that the court should determine whether there was "just cause" to sustain the charges against Truttschel. Perhaps it is the petition's assertion, that the circuit court has jurisdiction to hear the appeal, which troubles Martin. He does not specify where his concerns lie. However, we do not address Martin's standing argument because, as earlier stated, the statutorily required process for an appeal under § 62.13(5)(i) was complete

by serving a petition therefor personally or by certified mail upon the agency or one of its officials, and filing the petition in the office of the clerk of circuit court for the county where the judicial review proceedings are to be held . . . ."

368

when the Commission fulfilled its obligation and transmitted the record to the circuit court.

**Fees Pursuant to § 814.025, STATS.**

In a one sentence statement in Truttschel's brief in chief and a one sentence statement in her brief in reply, Truttschel asks this court to decide that § 814.025, STATS., sanctions should be imposed against Martin. Imposing sanctions against a party is a serious matter. It is not an issue that should be inserted in a brief unless counsel truly believes this court's consideration of it is warranted. However, we do not decide issues that are not adequately developed by the parties in their briefs. *State v. Gulrud*, 140 Wis. 2d 721, 730, 412 N.W.2d 139, 142-43 (Ct. App. 1987). Therefore, we do not reach Truttschel's assertion that as a matter of law, Martin's motions before the trial court violate § 814.025.

## CONCLUSION

We conclude that Truttschel complied with the plain meaning of § 62.13(5)(i), STATS. Therefore, we reverse the order of the trial court dismissing her appeal and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded.