223 Wis.2d 622 (1998)
589 N.W.2d 660
IN the MATTER OF the INTEREST OF JESSICA J. L. in State of Wisconsin
v.
Michael D. Olson:
JESSICA J. L., by her Guardian ad Litem, Gretchen Viney, Appellant,
v.
STATE of Wisconsin and Michael D. Olson, Respondents.
No. 97-1368.
Court of Appeals of Wisconsin.
Oral argument August 13, 1998.
Decided December 17, 1998.
*625 On behalf of the plaintiff-appellant, the cause was submitted on the brief of Gretchen Viney of Viney & Viney of Baraboo.
On behalf of the defendant-respondent, the cause was submitted on the brief of Robert C. Raymond and Roxanne F. Felizmena of Raymond Law Office of Milwaukee.
Before Dykman, P.J., Vergeront and Roggensack, JJ.
ROGGENSACK, J.
Gretchen Viney, the court appointed guardian ad litem for Jessica J.L., a minor, appeals the circuit court's acceptance of the State's waiver of the evidentiary hearing on materiality, *626 described in State v. Shiffra, 175 Wis. 2d 600, 499 N.W.2d 719 (Ct. App. 1993), and its determination that in her role as guardian ad litem for Jessica she does not have standing to object to that waiver. Because we conclude that only the district attorney or a duly appointed special prosecutor may prosecute a crime, but that the victim of a sexual assault has both a right to notice that a motion has been made to obtain her health care records and a right to require proof of the materiality of those records prior to a decision being made about whether an in-camera inspection of the records will be afforded, we affirm the order of the circuit court denying Viney the right to participate in matters related to the Shiffra motion; vacate the circuit court's order of February 3, 1997, except for that part which directed that a guardian ad litem be appointed for Jessica; and remand for further proceedings consistent with this opinion.

BACKGROUND
Jessica, who was born on September 17, 1981, informed her parents that on or about August 28, 1996, while she was fourteen years of age, she and Michael D. Olson, who was then eighteen years old, had consensual sexual intercourse. Based on that allegation, the district attorney of Sauk County charged Olson with a violation of § 948.02(2), STATS.
On January 15, 1997, Olson's counsel moved for "any psychiatric, psychological, counseling, therapy or clinical records" pertaining to Jessica. He based his motion on counsel's "professional experience" that individuals in counseling, as Jessica was at the time of the motion, are frequently asked to discuss the circumstances of criminal allegations which they have made. The motion does not offer any facts, which if true, *627 would show that there was exculpatory information in the records sought.
At the January 21, 1997 hearing on Olson's motion, the State volunteered that it did not oppose an in-camera inspection. The district attorney based the waiver of the Shiffra materiality hearing on his belief that Jessica's consent was not required for an in-camera inspection of her health care records. The circuit court accepted the State's waiver of an evidentiary hearing, but it concluded that consent was required for the disclosure of Jessica's health care records which would occur during an in-camera review. On February 3, 1997, it issued an order consistent with those decisions and directed that a guardian ad litem be appointed for Jessica "for the purpose of reviewing with Jessica ... her rights concerning the issue of disclosure." On February 4, 1997, Viney was appointed. On February 26, 1997, pursuant to her appointment, Viney moved to "reopen" the proceedings in regard to the materiality of the records Olson had sought. On March 12, 1997, the circuit court held that a guardian ad litem has no "standing" to move a court to revisit an issue in a criminal prosecution. This appeal followed.

DISCUSSION
In Shiffra, we first addressed the interplay between the confidentiality of the health care records of a victim of an alleged sexual assault and a defendant's right to due process which is implicated when he attempts to gain access to those records which he alleges contain exculpatory evidence. After balancing a defendant's right to discover exculpatory evidence with the victim's right to the confidentiality of health care records, we concluded that the State could not use the statements of a victim of an alleged sexual assault in *628 the prosecution of the defendant if the defendant had requested health care records of the victim which had been shown to be material to his defense and the victim had refused to permit an in-camera inspection of those records. Shiffra, 175 Wis. 2d at 605, 499 N.W.2d at 721. It was pursuant to Shiffra that Olson moved to obtain access to Jessica's "psychiatric, psychological, counseling, therapy or clinical records," or in the alternative, to suppress her testimony.
Jessica asserts that she has standing to have Viney participate in the criminal proceedings in regard to all Shiffra determinations, to force Olson to make a showing that the records sought are relevant and necessary to a fair determination of his guilt or innocence, pursuant to the materiality standard set out in Shiffra.[1] Viney also asks us to determine whether her appointment as a guardian ad litem gives her the authority to waive the confidentiality of Jessica's health records if the circuit court determines they are material to Olson's defense.
Standard of Review.
[1]
Whether a nonparty has a right to participate in a criminal prosecution involves a question of statutory interpretation, which we review without deference to the decision of the circuit court. Truttschel v. Martin, 208 Wis. 2d 361, 365, 560 N.W.2d 315, 317 (Ct. App. 1997).
*629 [2, 3]
Whether a defendant in a sexual assault case has succeeded in making the required evidentiary presentation to show the materiality of the health care records sought presents a question of law, which we review de novo. State v. Munoz, 200 Wis. 2d 391, 395, 546 N.W.2d 570, 572 (Ct. App. 1996). Additionally, we review the motion filed by a defendant who seeks health care records de novo, to determine whether the facts alleged therein are sufficient to require the court to hold a hearing on the materiality of the records or whether the motion may be denied without a hearing. Munoz, 200 Wis. 2d at 395, 546 N.W.2d at 572.
Health Care Records.
The parties agree that the records sought are health care records within the meaning of § 146.81(4), STATS. Therefore, Jessica has an absolute statutory privilege to refuse to disclose them, and to prevent others from disclosing them, without her consent or the consent of her parent or legal guardian.[2]Shiffra, 175 Wis. 2d at 606, 499 N.W.2d at 722; § 905.04(2), STATS. Jessica contends that in order to adequately protect her right of confidentiality in those records, Viney should be permitted to participate in the criminal prosecution in regard to Olson's Shiffra motion. In support *630 of that contention, she cites State v. Iglesias, 185 Wis. 2d 117, 517 N.W.2d 175 (1994), where the supreme court permitted two men who had posted bail for a defendant to challenge the constitutionality of a statute that permitted the bail to be used to satisfy fines and costs against a defendant.
[4]
We are not persuaded by Jessica's citation to Iglesias. There, the issue for which nonparties were allowed to participate was not related to whether Iglesias was guilty of the crime charged, as it is with the Shiffra motion under review here. Furthermore, the only attorneys who may prosecute a sexual assault on behalf of the State in circuit court are a district attorney or a special prosecutor appointed pursuant to § 978.045, STATS. State v. Braun, 152 Wis. 2d 500, 506-07, 449 N.W.2d 851, 853 (1989); §§ 978.05(1) and 978.045, STATS. Proceedings related to Olson's Shiffra motion are part of his prosecution. Therefore, we conclude that the circuit court was correct in concluding that a guardian ad litem or counsel for a victim[3] in an alleged sexual assault may not participate in the criminal prosecution of the defendant.
If an attorney for a victim of an alleged sexual assault cannot participate in a criminal prosecution, how then is the attorney to assist the victim, in regard to understanding her right of confidentiality in her *631 health care records and the potential consequences of exercising that right, in a way that will assure that the victim does not have to choose between disclosure of the records through an in-camera review and being unable to testify against the alleged perpetrator, until that choice becomes necessary. That is one of Viney's major concerns, and it is well founded.
[5]
There is no published appellate case which addresses the concerns of a victim in preserving her right of confidentiality, when her health care records are the subject of a Shiffra motion. However, the supreme court did review personal privacy concerns in another type of record in Woznicki v. Erickson, 202 Wis. 2d 178, 549 N.W.2d 699 (1996). In Woznicki, disclosure of a public employee's personnel and telephone records was about to occur, pursuant to a freedom of information request. The court recognized the reputational and privacy interests that were inherent in the records sought and concluded that when a district attorney has gathered such records during the course of an investigation and has concluded that he will release them pursuant to a freedom of information request, he must first give notice of, and a right to object to, that pending disclosure, to the person whose records are sought. Id. at 194, 549 N.W.2d at 706.
[6]
Woznicki is instructive of how to balance competing and conflicting rights: there, the right of the seeker of information under statute and the right of an individual in personal privacy were balanced. Here, we must balance Olson's right to exculpatory information necessary to a fair trial with the victim's statutory right to prevent disclosure of health care records. In so doing, we conclude that both interests may best be *632 preserved by obligating the State to give notice to the victim, and to her parents if the victim is a minor, when a Shiffra motion seeking her health care records has been filed, and to provide a reasonable time for the victim to notify the district attorney that she does not object to the disclosure of those records. If the victim, or a person authorized by the victim as described in § 146.81(5), STATS., does not expressly consent to the disclosure, the State shall not waive the materiality hearing described in Shiffra. Here, because no notice was given to Jessica, nor did she or her parents specifically consent to the disclosure of her records, we vacate the circuit court's February 3, 1997 order, except that portion which directed that a guardian as litem be appointed for Jessica. We next address whether a Shiffra hearing is required by Olson's motion.
Shiffra Hearing.
[7]
The required evidentiary showing of materiality under Shiffra, if satisfied, provides a defendant alleged to have committed a sexual assault with an initial incamera inspection of the victim's health care records before prosecution can proceed. That evidentiary showing requires a defendant to submit evidence that the sought after records are relevant to his or her defense. Shiffra, 175 Wis. 2d at 605, 499 N.W.2d at 721 (citing State v. S.H., 159 Wis. 2d 730, 738, 465 N.W.2d 238, 241 (Ct. App. 1990) (further citations omitted)). Additionally, a defendant must show more than a mere possibility that the victim's psychiatric or counseling records may be helpful. A defendant must show that those records are necessary "to a fair determination of guilt or innocence." Munoz, 200 Wis. 2d at 398, 546 N.W.2d at 573 (citations omitted). For example, in *633 Shiffra, the defendant claimed the contacts were consensual. He made a showing that the victim suffered from a post-traumatic stress psychological disorder, which at times had prevented her from determining when memories related to sexual matters were based on real occurrences and when they were based on fantasies. Therefore, the health care records which described the nature of the victim's psychological disorder could draw into question her reporting of the events that led to the charge of sexual assault. Munoz, 200 Wis. 2d at 399, 546 N.W.2d at 573.
[8]
In Munoz, we once again examined the request of a defendant in a sexual assault prosecution to review certain health care records of the victim who may have been undergoing counseling. Munoz's defense was that the sexual contact had been consensual. Therefore he argued that:
[s]ince the defendant was facing similar allegations [to those involved in R.S.'s prior assaults], one does not have to stretch too far to see how these records may be essential to Munoz's defense... [T]hese records may demonstrate an inability of [R.S.] to accurately perceive events of this nature.
Munoz, 200 Wis. 2d at 396-97, 546 N.W.2d at 572. After examining the circuit court's refusal to provide even an in-camera review of the records, we upheld that decision because we concluded that alleging that a victim was in counseling for a prior sexual assault did not suggest that she had not suffered a prior assault. We also concluded that neither the prior sexual assault nor the counseling, itself, tended to impugn her credibility, as Munoz contended. We explained that Munoz would have had to have offered the circuit court something *634 more than "mere possibilities" that the sought after records could be helpful before an in-camera inspection would be ordered. Munoz, 200 Wis. 2d at 400, 546 N.W.2d at 573.
[9]
In the case at hand, our examination of Olson's motion begins by reviewing what Olson alleged. This is necessary because before a circuit court is required to hold an evidentiary hearing on a motion, it must contain allegations of facts sufficient to entitle the defendant to the relief he is seeking, if the allegations are found to be true. See State v. Bentley, 201 Wis. 2d 303, 318, 548 N.W.2d 50, 56 (1996) (concluding a motion to withdraw a plea was insufficient to require the court to hold an evidentiary hearing on it). However, even if a motion is facially insufficient to entitle the defendant to a hearing, the trial court, in the exercise of its discretion, may still provide one. Id. at 310-311, 548 N.W.2d at 53. We conclude that the same standards apply to a Shiffra motion, as were applied by the supreme court in Bentley.
[10]
Here, Olson has alleged only that he denies having engaged in sexual activities with Jessica; that Jessica is "reported by the investigating police officer to be attending counseling sessions"; and that in the "experience" of the attorney for Olson, individuals in counseling are frequently asked "to discuss the circumstances of the criminal allegations and may be asked to relate information regarding the truthfulness or lack of truthfulness of the assertions." As an initial matter, we note that the general experience of counsel has no persuasive value for what may, or may not, be in the records of Jessica's counseling sessions. See Richards v. Wisconsin, 520 U.S. 385 (1997) (general professional *635 experiences of a police officer in regard to the circumstances surrounding places where drugs are kept are insufficient to support a no-knock warrant for a particular place). And, even if they were to be considered, they do not contain any allegation which, if believed, would tend to prove that Jessica has a psychological disorder that would make her a poor reporter of events relating to sexual conduct or draw her credibility into question in any way. Furthermore, the allegation that a victim of an alleged sexual assault is attending counseling sessions, without further allegations reporting a psychological disorder which could tend to show that the victim was a poor reporter of events relating to sexual conduct, does not even raise a mere possibility that the victim's records are relevant to the defendant's denial that sexual acts occurred, nor does it show the records may be necessary to a fair determination of guilt or innocence. Therefore, we conclude that the facts alleged in Olson's motion are insufficient, as a matter of law, to require the circuit court to hold a Shiffra materiality hearing, before denying his motion. Munoz, 200 Wis. 2d at 395, 546 N.W.2d at 572. Because of this conclusion, we remand to the circuit court to further consider whether, in the exercise of its discretion, it chooses to hold a Shiffra materiality hearing on Olson's motion, at which hearing the district attorney will put Olson to his proof of the materiality of Jessica's records.

CONCLUSION
Because we conclude that only a district attorney or a duly appointed special prosecutor may participate in the prosecution of a sexual assault in circuit court and that participation in regard to a Shiffra motion is a part of that prosecution, we affirm the circuit court's *636 denial of Viney's request to appear on Jessica's behalf in that regard. However, because we also have concluded that Olson's motion is facially insufficient to require the circuit court to hold a Shiffra materiality hearing, but that in the exercise of its discretion it may choose to do so, we remand to the circuit court for that decision. Additionally, if the circuit court chooses to hold an evidentiary hearing, because neither Jessica nor her parents have consented to the disclosure of Jessica's health care records, the State may not waive the materiality hearing, but must put Olson to his proof that the sought after records are both relevant and necessary to a fair determination of his guilt or innocence.
By the Court.Orders affirmed in part; reversed in part and cause remanded.
DYKMAN, P.J. (dissenting).
When we heard oral arguments in this case, we considered two issues raised by the guardian ad litem. These issues were whether: (1) the trial court erred in limiting the scope of her duties; and (2) a guardian ad litem has independent authority to assert or waive the psychologist/patient privilege on behalf of a minor child.[1] We have now enacted some new rules for district attorneys to follow, and we have reversed the trial court on a matter not appealed and without a brief from the district attorney whose actions the majority now disapproves. I conclude that a guardian ad litem may not participate in the prosecution of a crime, but that is not what the guardian ad litem seeks. The following is my solution to the problems in this case.
*637 The issues in this case arose when the trial court recognized that it was being asked to review a minor's health care records to determine whether a defendant accused of sexually assaulting the minor was entitled to the records. Our decision in State v. Shiffra, 175 Wis. 2d 600, 499 N.W.2d 719 (Ct. App. 1993), requires the trial court to determine whether the victim of the alleged assault would permit the trial court to make an in camera inspection of the records to determine whether they would prove exculpatory to the defendant. But unlike in Shiffra, the victim in this case was a minor, albeit fifteen years old. Minors are under some disabilities, so the trial court appointed a guardian ad litem to assist the minor in deciding whether to permit the in camera inspection. The guardian ad litem asked the court to go back to an earlier stage of the Shiffra analysis and permit her to contest the district attorney's stipulation that the defendant was entitled to have the judge make the in camera inspection. The court denied the guardian ad litem's request, concluding that she lacked standing to make the request. I believe the first issue is whether the trial court erred in denying the guardian ad litem's request.
This case is not as difficult as the proceedings would suggest. Were the victim an adult, she would have standing to affect the prosecution of the case by agreeing or refusing to the release of her records for an in camera inspection. That is what Shiffra holds. It is only a slight extension of Shiffra to conclude that a crime victim whose health care records are sought has standing to complain that a defendant does not meet the Shiffra requirements for the in camera inspection. The victim is not engaging in the prosecution of the defendant by asserting that his or her health care records do not belong in court in the first place.
*638 Persons other than the prosecutor have been granted standing in a criminal case. State v. Iglesias, 185 Wis. 2d 117, 132-33, 517 N.W.2d 175, 180 (1994). In Iglesias, the supreme court had "absolutely no difficulty" in concluding that persons who had signed bail bonds for a defendant had standing to attack a statute that permitted the forfeiture of their bonds. The court determined that the non-parties had "sharply defined personal stakes in the matter" and that the "law of standing is not to be construed narrowly or restrictively." Iglesias, 185 Wis. 2d at 132-33, 517 N.W.2d at 180. One can hardly think of a more "personal stake" than in the release of one's medical records. I would permit a crime victim to assert the irrelevancy of his or her medical records in a criminal proceeding if the State does not do so. The question then becomes what a trial court should do when the victim is a minor.
Not all minors are near the age of majority, and some minor victims have the misfortune of being assaulted by their parents or guardians. There must be a procedure which allows a disinterested person to make a Shiffra decision for a minor whose judgment is unreliable. This person may be the minor's parents, but trial courts should have the option to appoint another where a question of coercion or conflict of interest arises. The job of determining whether the minor is capable of understanding Shiffra's requirements and of making a free and understanding decision should fall to a guardian ad litem appointed, as here, by the trial court. And if, as I have concluded, an adult has standing to require a preliminary showing as to the relevancy of his or her medical records, a minor should also have that right, which should be exercised by the guardian ad litem.
*639 However, that does not answer the difficult question. Who, if anyone, should be allowed to substitute their judgment for the judgment of the minor in exercising Shiffra choices, and under what circumstances should this be permitted? In some respects, an answer to this question is an exercise in futility, for this is a dissent, and dissents are what the law is not. Still, the first question is whether a guardian ad litem may make a Shiffra decision for, and perhaps despite, the wishes of the minor. A guardian ad litem is an attorney appointed to represent a minor in court. Section 757.48, STATS. There are a variety of statutes that provide for guardians ad litem in specific circumstances. See § 938.235, STATS., (guardian ad litem appointed in Juvenile Justice Code proceedings). Generally, a guardian ad litem is an advocate for the best interests of the person for whom he or she is appointed. See § 48.235(3), STATS., (duties and responsibilities of guardian ad litem). But advocating for a person's best interests is by no means the same as making a decision for that person. For the latter, guardianships can be established. See § 880.03, STATS., (guardian may be appointed for a minor).
Were I writing for the majority, I would conclude that generally, under Shiffra, a guardian ad litem should be appointed when a minor victim is presented with Shiffra choices.[2] After consulting with the minor, the minor's parents, and others with relevant information, the guardian ad litem should inform the court either that he or she is satisfied that the minor can *640 make a free and informed Shiffra choice, or that the guardian ad litem is not satisfied. If the former, the minor can make the choice, and the guardian ad litem is discharged. If the latter, the court should appoint a guardian for the minor. Perhaps the guardian ad litem could be appointed as guardian. Perhaps a temporary guardianship for the sole purpose of exercising the minor's Shiffra choices would suffice. The guardianship should not be immediately terminated after the choice has been made because further assistance may be necessary; instead, the guardianship should be terminated when the underlying criminal proceedings have concluded.
Thus, were I writing for the majority, I would conclude that the guardian ad litem had standing to ask the trial court to hold an initial Shiffra hearing, and to appear at that hearing and advocate for the best interests of Jessica. Her further duties would depend upon the outcome of that hearing, and would be as I have outlined above. I therefore respectfully dissent.
NOTES
[1] We note that although this victim of alleged sexual assault is a minor, the same argument could be made for any victim of a sexual assault whose health care records become the subject of a motion by a defendant under prosecution.
[2] Viney asks us to determine whether she has the authority to waive this privilege. Chapter 146 identifies who may authorize the release of health care records. We note that neither a guardian ad litem nor counsel for the patient is included therein, and Viney has not cited any authority nor developed any legal argument which would permit a guardian ad litem to do so. Therefore, we do not consider this issue further. Truttschel v. Martin, 208 Wis. 2d 361, 369, 560 N.W.2d 315, 319 (Ct. App. 1997).
[3] We note that Viney was appointed as a guardian ad litem for Jessica to advise her of her rights. We assume the court appointed her as a guardian ad litem because of the statement in State v. Speese, 199 Wis. 2d 597, 545 N.W.2d 510 (1996). However, our opinion does not turn on whether she functions as a guardian ad litem, who is to advise the court as to the best interests of the child, or whether she were simply counsel for Jessica or for an adult victim of an alleged sexual assault.
[1] I take this language directly from the guardian ad litem's brief. These are the only issues the guardian ad litem raises.
[2] The guardian ad litem suggests that Shiffra might be reconsidered. Perhaps, but not by this court. We have been told that we do not have the power to reverse, modify or withdraw language from our published opinions. Cook v. Cook, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246, 256 (1997).