TOPS CLUB, INC., Plaintiff-Appellant,†

v.

CITY OF MILWAUKEE, Defendant-Respondent.

Court of Appeals

*No. 02–1904. Submitted on briefs January 7, 2003.—Decided February 4, 2003.*

2003 WI App 62

(Also reported in 659 N.W.2d 484.)

† Petition to review denied 4-22-03.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Victor Reckmeyer, II,* of *Donner & Donner,* Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Grant F. Langley,* city attorney, and *Gregg C. Hagopian,* assistant city attorney, Milwaukee.

Before Fine, Schudson and Curley, JJ.

██

¶ 1. FINE, J. TOPS Club, Inc., appeals a circuit-court order dismissing its declaratory-judgment complaint against the City of Milwaukee. TOPS's complaint alleged that it is "an educational, charitable and benevolent organization that provides members with education, motivation and group support in attaining and maintaining their physician-prescribed weight goals." It sought a declaration that it is, accordingly, exempt from City taxation by Wis. Stat. § 70.11(4), which, *inter alia,* exempts from "general property taxes . . . [p]roperty owned and used exclusively by . . . educational or benevolent associations." The circuit court dismissed the complaint because under Wis. Stat. § 74.35(2m) such declaratory-judgment actions are not permitted. Our review of the legal issue involving the interpretation

and application of the statute is *de novo. See Truttschel v. Martin*, 208 Wis. 2d 361, 364–365, 560 N.W.2d 315, 317 (Ct. App. 1997). We agree with the circuit court's well-reasoned analysis and affirm.

¶ 2. According to TOPS's complaint, which we accept as true in analyzing whether it states a legally cognizable claim, *see Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979), TOPS "submitted a Property Tax Exemption Request to the City of Milwaukee requesting that [its] Property be treated as tax-exempt pursuant to 70.11 Wis. Stats." for the 2001 tax year. When the City's Assessor denied TOPS's request, TOPS paid the taxes "under protest." TOPS admits that it did not follow the procedure mandated by Wis. Stat. § 74.35, even though the Assessor's letter denying the requested exemption alerted TOPS that if it wanted "to dispute this determination, you must follow the procedures set forth in Wis. Stat. 74.35."

¶ 3. Wisconsin Stat. § 74.35(2m) provides:

> Exclusive Procedure. A claim that property is exempt, other than a claim that property is exempt under s. 70.11 (21) (a) or (27), may be made only in an action under this section. Such a claim may not be made by means of an action under s. 74.33 or an action for a declaratory judgment under s. 806.04.

TOPS's contention that its property is exempt from taxation is not premised on Wis. Stat. §§ 70.11(21)(a) or 70.11(27). Rather, as noted, it claims that it is both an educational and benevolent organization and, therefore, its property is exempt under Wis. Stat. § 70.11(4). Thus, it does not fall under the exceptions to the

565

exclusive procedure mandated by § 74.35(2m), the main aspect of which is set out in Wis. Stat. § 74.35(2).[1]

¶ 4. Although, as we have seen, TOPS admits that it did not follow what Wis. Stat. § 74.35(2m) proclaims is the "exclusive procedure" to assert a claim that property is exempt from taxation by virtue of Wis. Stat. § 70.11(4), TOPS argues that it did not have to comply with the procedure mandated by § 74.35(2m) because the City's 2001 tax-year levy was void *ab initio* and thus a declaratory judgment was appropriate. TOPS cites common-law Wisconsin decisions that hold that taxation of an entity exempted from tax liability is void *ab initio, see, e.g., Hermann v. Town of Delavan,* 215 Wis. 2d 370, 389–391, 572 N.W.2d 855, 862–863 (1998) (collecting cases), and that declaratory judgment is an appropriate mechanism to vindicate the exemption because "litigation over whether property is exempt from taxation is not generally subject to limitations which may apply to other property tax disputes,"

---

[1] Wisconsin Stat. § 74.35(2) provides:

Claim against taxation district. (a) A person aggrieved by the levy and collection of an unlawful tax assessed against his or her property may file a claim to recover the unlawful tax against the taxation district which collected the tax.

(b) A claim filed under this section shall meet all of the following conditions:

1. Be in writing.

2. State the alleged circumstances giving rise to the claim, including the basis for the claim as specified in s. 74.33 (1) (a) to (e).

3. State as accurately as possible the amount of the claim.

4. Be signed by the claimant or his or her agent.

5. Be served on the clerk of the taxation district in the manner prescribed in s. 801.11 (4).

*Friendship Village of Greater Milwaukee, Inc. v. City of Milwaukee*, 181 Wis. 2d 207, 216–218, 511 N.W.2d 345, 349–350 (Ct. App. 1993).

¶ 5. In *Friendship Village*, the City argued that WIS. STAT. § 74.35(2)(a), which provided then as it does now that "[a] person aggrieved by the levy and collection of an unlawful tax assessed against his or her property may file a claim to recover the unlawful tax against the taxation district which collected the tax," precluded Friendship Village's declaratory-judgment action because, according to the City, the subsection made WIS. STAT. § 74.35 the exclusive way for Friendship Village to challenge a tax from which Friendship Village claimed it was exempt. *Id.*, 181 Wis. 2d at 218, 511 N.W.2d at 350. We disagreed, noting, as seen above, that the purported limitation in § 74.35(2)(a) did not apply to questions of whether property was exempt from taxation. *Ibid.* But the situation here is different than it was in *Friendship Village*. Here, TOPS not only faces § 74.35(2)(a), it also runs up against WIS. STAT. § 74.35(2m), which was enacted after *Friendship Village* was decided, 1997 Wis. Act 237, § 311m, and was, based on the uncontroverted legislative-history material provided to us by the City, enacted with the specific legislative intent to overrule *Friendship Village*'s holding that the denial of tax exemption could be challenged *via* a declaratory-judgment action. Indeed, a more clear and direct command than "[s]uch a claim may not be made by means of an action under s. 74.33 or an action for a declaratory judgment under s. 806.04," WIS. STAT. § 74.35(2m), is hard to imagine.

██

¶ 6. "Absent a constitutional infirmity, courts must apply statutes as they are written, unless to do so would lead to an absurd result that did not reflect the

legislature's intent." *State v. Young*, 180 Wis. 2d 700, 704, 511 N.W.2d 309, 311 (Ct. App. 1993), *aff'd,* 191 Wis. 2d 393, 528 N.W.2d 417 (1995). TOPS does not suggest that WIS. STAT. § 74.35(2m) is unconstitutional. The section is not ambiguous; it trumps the common-law cases it has overruled. *See Ervin v. City of Kenosha*, 159 Wis. 2d 464, 475, 464 N.W.2d 654, 659 (1991) (statute supplants common-law doctrine when that is what legislature intended).[2]

*By the Court.*—Order affirmed.

---

[2] WISCONSIN STAT. § 74.35(5)(a) requires, except for taxes mistakenly paid to the "wrong taxation district," WIS. STAT. § 74.35(5)(b), that "a claim under this section shall be filed by January 31 of the year in which the tax is payable." TOPS argues that enforcement of WIS. STAT. § 74.35(2m) would lead to what it calls the "absurd result" of forcing taxpayers to "strictly comply with a January 31 deadline for recovering payment on tax exempt property." Other than pointing out that an entity might purchase a tax-exempt property after expiration of the deadline (in such a case, of course, the value of the tax exemption could be factored into the purchase price if, for some reason, the seller did not claim the exemption timely), TOPS does not tell us how an allegedly tax-exempt entity is prejudiced by having to follow the procedures mandated by § 74.35(2m), rather than by filing a declaratory-judgment action, as it did here. *Vesely v. Security First Nat'l Bank of Sheboygan Trust Dep't*, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593, 598 n.5 (Ct. App. 1985) (we will not address undeveloped arguments).