STATE of Wisconsin EX REL. Richard F. MATTINGLY, Relator-Respondent,

v.

MUNICIPAL COURT, CITY OF GLENDALE, Hon. Robert Suran, Presiding, Appellants.

Court of Appeals

*No. 81–2176. Submitted on briefs August 2, 1982.— Decided September 10, 1982.*
(Also reported in 325 N.W.2d 75.)

For the appellants the cause was submitted on the briefs of *George D. Prentice,* Glendale city attorney.

For the relator-respondent the cause was submitted on the brief of *Steele & Burke, S.C.,* by *William U. Burke,* of Milwaukee.

Before Decker, C.J., Moser, P.J., and Wedemeyer, J.

DECKER, C.J. The order of the circuit court directing the clerk of the Glendale municipal court to accept a "perfected jury demand of Richard F. Mattingly" is reversed because Mattingly's demand for a jury trial was untimely and not in writing, and the jury demand was not accompanied by the payment of the jury fee.

A uniform traffic citation issued to Mattingly on June 21, 1981, required his appearance in Glendale municipal court on July 2, 1981. On June 30, 1981, the clerk of the court received a letter[1] dated June 25, 1981, stating

---

[1] While there is no copy of this letter in the record on appeal, the appellant included a transcription of the letter in the appendix to his brief-in-chief. The respondent challenges neither the existence nor the accuracy of this transcription. It reads as follows:

 June 25, 1981

Clerk of Court
Attn: Ann K. Mesenbrink
Glendale Police Department
5909 N. Milw. River Pky.
Glendale, Wisconsin 53209

Dear Ms. Mesenbrink:

I should like to request an alternate court date to appeal a citation that I received on June 21, 1981, on North Port Washington Road. I wish to *plead not guilty to this charge* and therefore, it will be important that I arrange a date when I will be in the city. Unfortunately, the current date of July 2, 1981 is one on which I will be out of the city and therefore, I request a new date. [Emphasis in original.]

I wish to request a court date on Thursday, July 30, 1981 at 8:30 A.M., if the calander [sic] is not filled for this date. Unless

Mattingly's "wish to plead not guilty" to the charge and requesting a continuance from July 2 to July 30, 1981, at 8:30 a.m. The municipal court continued the case to July 30, 1981, when an attorney for Mattingly appeared and orally requested a jury trial. No written demand appears in the record. The municipal court refused the request as untimely and set a new court trial date for September 17, 1981. On the latter date the attorney for Mattingly delivered to the municipal court an alternative writ of prohibition issued by Judge Jennaro which suspended further proceedings in the municipal court and resulted in the order to accept a "perfected jury demand."

Mattingly waived his right to a jury trial (sec. 345.43 (1) (a), Stats.) when:

(1) his jury trial demand was not made in writing; and

(2) the jury trial demand was not accompanied by the immediate payment of jury fees prescribed by sec. 345.43 (1) (b).

*By the Court.*—Order reversed and cause remanded with directions to dismiss the circuit court proceeding.

---

I am informed of an alternate date, I will mark my calander [sic] for this time to be present at the Glendale Police Department to defend my position regarding this citation.

In appreciation for your assistance in this matter, I am,

Sincerely,
/s/ Richard F. Mattingly
Richard F. Mattingly, M.D.

RFM:cl