IN RE the INTEREST OF KATIE T. v. JUSTIN R.:

MICHAEL T. and Carol T., Appellants,

v.

Norma BRIGGS, Guardian ad Litem, Respondent,

DANE COUNTY, Intervenor-Respondent.

Court of Appeals

*No. 96–1297. Submitted on briefs July 23, 1996.—Decided September 5, 1996.*

(Also reported in 555 N.W.2d 651.)

For the appellants the cause was submitted on the briefs of  *Richard J. Auerbach*  of *Auerbach & Porter* of Madison.

For the respondent the cause was submitted on the brief of  *Michael J. Briggs* of Madison.

For the intervenor-respondent the cause was submitted on the brief of *Cal W. Kornstedt*, corporation counsel, with *Dyann Hafner*, assistant corporation counsel.

Before Eich, C.J., Vergeront and Roggensack, JJ.

EICH, C.J.  Michael and Carol T. appeal from an order requiring them to pay the fees of the guardian ad litem appointed for their daughter, Katie T., the petitioner in a child abuse/harassment proceeding.

While we believe requiring Dane County to pay the fees under the circumstances of this case is inappropriate, the plain language of the applicable statutes unfortunately requires that result.

The facts are not in dispute. Katie T., a high school student, petitioned the juvenile court to enjoin another student, Justin R., from having any contact with her. She filed two petitions. The first sought an injunction under § 813.125, STATS., which authorizes courts to enjoin harassing conduct. The second was a petition seeking similar relief under § 813.122, which provides for the issuance of restraining orders and injunctions in cases of "child abuse." Both of Katie T.'s petitions alleged that Justin R. had been harassing her physically and verbally and destroying her property.

The juvenile court commissioner issued temporary restraining orders on both petitions—which were all part of the same juvenile court file—and set a hearing on Katie T.'s request for permanent injunctive relief. The commissioner also appointed guardians ad litem for Katie T. and Justin R. The orders were identical and included the following language with respect to payment of the guardians' fees: "The parties being found indigent by the Court under sec. 767.045(6) and 814.29, Stats.[,] The County shall pay for GAL services . . . at the . . . Statutory Rate."[1] Accepting the

---

[1] The orders also stated that if the court, at the conclusion of the action, found that the parties were able to pay for the guardians' services, "either party may be ordered to reimburse the county . . . ." The trial court made no such findings in this case.

appointment as Katie T.'s guardian ad litem, Attorney Norma Briggs signed the order.

Both Katie T. and Justin R. appeared at the hearing on the injunction with their respective parents, guardian ad litem, and privately retained attorney. Katie T. testified about various acts of physical and verbal harassment committed against her by Justin R. At the conclusion of her testimony the court recessed. When it reconvened, the parties had reached a stipulation. The child-abuse petition was to be dismissed, and both sides agreed the court could enter an order finding that reasonable grounds existed for issuance of the harassment injunction. They stipulated that the court would not sign the injunction, however, but would dismiss that proceeding as well, with leave to reopen in the future should the harassment resume. With the agreement of all parties—children, parents, guardians and attorneys—the court directed that an order to that effect be drawn and entered.

Near the close of the proceedings, Briggs asked whether the court was going to enter an order for payment of the guardians' fees. The court, indicating an unfamiliarity with juvenile court procedures, asked what options existed and Briggs replied: "[I]t usually works . . . that if either of the parties are indigent . . . then the County picks up the fees at the County rate, and that otherwise the parties are ordered to pay themselves in whatever proportion the judge believes to be equitable." The court responded:

> All right. I'm assuming, since each of the parties have hired their own counsel for advocacy purposes, that neither one of them is indigent, and by that I'm talking about the parents, because you

405

get the privilege of paying in civil court when your children engage in transgressions.

After ascertaining that Briggs's usual hourly rate was $125 per hour, the court found that figure to be reasonable for the eight or more hours she said she had spent on the case. The fees of Justin R.'s guardian at $110 per hour were also approved. Repeating that "neither party is indigent," the court ordered both sets of parents to pay the fees of their child's guardian ad litem.

Later, in a letter to the court, the attorney who had appeared with Katie T. and her parents at the hearing objected to the payment order. He stated that Michael and Carol T. were not parties to the proceeding and that the general provisions of chapter 48, STATS., directing the county of venue to pay the fees of guardians ad litem appointed in juvenile proceedings, should apply because there was no express statutory authority to do otherwise. In their own letters to the court, Justin R.'s attorney agreed the County should pay, while Briggs argued in favor of the court order.

After considering the letter-briefs, the court concluded it had authority to order the parents to pay, and it entered an order finding the guardians' hourly rates reasonable and ordering the respective parents to pay them. Michael and Carol T., designating themselves as "Third-Party Appellants," appealed from that order.

As indicated above, Katie T.'s child-abuse and harassment petitions were filed under §§ 813.122 and 813.125, STATS. We assume they were filed as juvenile court proceedings because both parties—Katie T. and Justin R.—were minors, and WIS. STAT. ANN. § 48.14(10) (West Supp. 1995) gives the juvenile court exclusive jurisdiction over proceedings under

§§ 813.122 and 813.125 "in which the respondent is a child." Also relevant to our inquiry is § 813.122(3)(b)1, which provides that guardians ad litem appointed by the court in child-abuse proceedings are to be appointed "in accordance with s. 48.235."

The parties ask us to construe and apply the statutes to the facts of the case, each arguing for a different result. The question thus raised is one of law, which we review de novo, owing no deference to the trial court's decision. *State ex rel. Sielen v. Milwaukee Circuit Court*, 176 Wis. 2d 101, 106, 499 N.W.2d 657, 659 (1993).

We construe statutes for one purpose: "to ascertain and give effect to the intent of the legislature." *DeMars v. LaPour*, 123 Wis. 2d 366, 370, 366 N.W.2d 891, 893 (1985). In determining legislative intent, we look first to the language chosen by the legislature. "If the statute is clear on its face, our inquiry . . . ends and we must simply apply the statute to the facts of the case." *In re Peter B.*, 184 Wis. 2d 57, 70-71, 516 N.W.2d 746, 752 (Ct. App. 1994). We do not look behind the plain and unambiguous language of a statute. As Justice Frankfurter said: there is a three-step methodology for interpreting statutes: "1. Read the statute; 2. Read the statute; 3. Read the statute." Henry J. Friendly, *Mr. Justice Frankfurter on the Reading of Statutes*, *reprinted in* HENRY J. FRIENDLY, BENCHMARKS 202 (1967).

The statement in the child-abuse injunction statute, § 813.122(3)(b)1, STATS., that guardians ad litem in such proceedings are to be appointed "in accordance with s. 48.235" plainly brings Briggs's

appointment squarely under chapter 48—at least with respect to the child-abuse petition. And § 48.14(10), WIS. STAT. ANN. (West Supp. 1995), in equally straightforward language, brings both of Katie T.'s petitions within the "exclusive jurisdiction" of the juvenile court. Given the language of the statutes, we do not see how Briggs's appointment can be other than under chapter 48, and § 48.235(8) unequivocally states, with exceptions not relevant here, "[T]he guardian ad litem appointed under this chapter shall be allowed reasonable compensation *to be paid by the county of venue . . . .*" (Emphasis added.)

Briggs disagrees, pointing out that, at least with respect to the harassment petition, the applicable statute, § 813.125, STATS., says nothing about the appointment of guardians ad litem. As an alternative, Briggs points to § 803.01(3), STATS., the general statute authorizing appointments of guardians ad litem for minors and incompetents appearing in circuit court, asserting that this statute "furnishes a more general basis for the appointment of a guardian ad litem" in this case. We disagree.

██ First, as we noted above, WIS. STAT. ANN. § 48.14(10) (West Supp. 1995) places jurisdiction over § 813.125, STATS., proceedings (and § 813.122, STATS., proceedings) not in circuit court but "exclusive[ly]" in the juvenile court where, as here, the respondent is a child. Second, as Briggs acknowledges, § 803.01(3) does not indicate how the guardian's fee is to be paid. And in *Romasko v. Milwaukee,* 108 Wis. 2d 32, 36-37, 321 N.W.2d 123, 125 (1982), a case involving a guardian ad litem appointed for a minor defendant in a personal injury case under § 803.01(3), the supreme court made it clear that, at least where a guardian is appointed to

represent an indigent minor, "and no specifically applicable provision for payment of fees appears in the statute, the county of venue must pay those fees."[2] *Id.*

The County, also urging us to uphold the trial court's order, claims the trial court had both inherent authority and specific authority under § 757.48(2), STATS.—the general statute authorizing circuit courts to appoint guardians ad litem for minors and incompetents and to order the ward to pay such fees where appropriate—to order Michael and Carol T. to pay Briggs's fees. As to the first, we agree with the County that circuit courts have inherent authority to order that persons appointed to assist the court are paid. *See State ex rel. Friedrich v. Circuit Court for Dane County,* 192 Wis. 2d 1, 16-17, 531 N.W.2d 32, 37-38 (1995); *see also In re Contempt in State v. Lehman,* 137 Wis. 2d 65, 87, 403 N.W.2d 438, 448 (1987) (stating a court has incidental power to require a party to pay court-appointed attorney's costs ex parte). We repeat, however, that under the applicable statutes, Briggs was appointed not under any inherent authority of the court but under chapter 48 (as was Justin R.'s guardian). Beyond that, § 757.48(2) makes the ward responsible for payment of fees only if other statutes do

---

[2] Briggs argues *Romasko* is inapposite because Katie T. was not found to be indigent in this case. As indicated above, however, the court commissioner's order appointing Briggs specifically states the opposite. The portion of the order directing the County to pay begins: "The parties being found indigent by the Court . . . ." Briggs takes issue with the "check-the-boxes" nature of the order, but however it is formatted, it is an order of the court and its terms are plainly stated.

not specify how the fee is to be paid.[3] Again, other statutes expressly require the county to pay the fees in cases such as this.

■

We do agree with the County on one point, however; "[i]n a private action such as this, where there is little if any public interest involved, the question must be asked, why should the expense of the guardian ad litem . . . fall to the collective citizenry of the county . . . instead of . . . the parents of the children who are capable of paying this expense?" We have no quarrel with the county's position that, in cases such as this, the answer, from a public-policy standpoint, should be that the county is not required to pay. But we cannot rewrite statutes to reach a desired result. "If a statute fails to cover a particular situation, and the omission should be cured, the remedy lies with the legislature, not the courts." *La Crosse Lutheran Hosp. v. La Crosse County*, 133 Wis. 2d 335, 338, 395 N.W.2d 612, 613 (Ct. App. 1986). It seems to us that is precisely the situation here. The plain language of the applicable statutes directs payment of the guardian ad litem fees by the County and to hold otherwise would be legislating, not adjudicating.

We reverse the order of the circuit court requiring Michael and Carol T. to pay the fees of the guardian ad litem appointed for their daughter and remand with directions to order payment of Briggs's fees by Dane County.

---

[3] Section 757.48(2), STATS., provides: "If the statutes do not specify how the fee of the guardian ad litem is paid, the *ward* shall pay such fee." (Emphasis added.) We note this is not just an issue of whether the county or the child pays, but § 757.48 simply does not provide statutory authority for requiring the *parents* of the ward to pay.

*By the Court.*—Order reversed and cause remanded with directions.