CITY OF FOND DU LAC, Plaintiff-Respondent,

v.

Scott R. KAEHNE, Defendant-Appellant.†

Court of Appeals

*No. 98–3619. Submitted on briefs April 7, 1999.—Decided July 7, 1999.*

(Also reported in 599 N.W.2d 870.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Chad A. Lanning* of *Law Offices of Barry S. Cohen, S.C.* of Elkhart Lake.

†Petition to review denied.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James A. Flader*, assistant city attorney.

Before Brown, Nettesheim and Anderson, JJ.

BROWN, J.  Section 66.12(1)(b), STATS., clearly says "[a] court appearance is required for a violation of a local ordinance in conformity with s. 346.63(1), [STATS.,]" the operating while intoxicated statute. In this case, Scott R. Kaehne claims that because he pled not guilty by mail, and because this procedure is contrary to § 66.12(1)(b), his not guilty plea was improperly entered and the ten-day period in which to request a jury trial has therefore not yet begun. We hold, however, that while it is true that a court appearance is necessary under the statute, a court appearance in a civil action may be made by letter. Since this is a civil case, Kaehne's not guilty plea by letter to the court constituted an appearance and his ten days for demanding a jury trial commenced running when the court received the letter. We conclude that the court properly denied Kaehne's motion to perfect his request for a jury trial and affirm.

Kaehne was cited for OWI/BAC on March 24, 1996, pursuant to the City of Fond du Lac ordinance adopting § 346.63(1), STATS. His initial appearance was scheduled for April 1, 1996, and the citation indicated that it was not mandatory. On March 28 or 29, Kaehne went to the clerk of court's office and asked if he could enter a not guilty plea early and not come to court on April 1.[1] The clerk told him "yes," and Kaehne wrote the court

---

[1] In Kaehne's affidavit, he states that he went to the clerk's office on March 29. His written plea, however, was filed on March 28.

indicating that he wished to plead not guilty. The clerk did not inform Kaehne that he could demand a jury trial. Kaehne later hired a lawyer, who made a jury demand to the clerk's office. The demand was denied, as the ten-day period in which to request a jury trial had run. *See* § 345.43(1), STATS. Kaehne was convicted after a court trial on October 16, 1998.

Kaehne argues that, under § 66.12(1)(b), STATS., he was required to physically appear in court. He relies on this sentence: "A court appearance is required for a violation of a local ordinance in conformity with s. 346.63(1)." Since the clerk "improperly advised" him that he did not have to appear, he did not come to court on the return date. Had he known that his presence was required, he would have shown up, the court would have informed him of his right to a jury trial, *see* § 345.34(1), STATS., and he would have requested one. The City of Fond du Lac responds that "Chapter 345 was intended to be a complete and separate procedure for the issuance of traffic citations," and therefore the provisions of § 66.12, STATS., do not apply in this case. The trial court agreed with the City, concluding that "Chapter 345 is the more comprehensive, detailed and specific as to court procedures for prosecutions of ordinance drunk driving violations" and "therefore . . . the statutory reference in Sec. 66.12 Wis. Stats., must give way to the procedures in Chapter 345."

This case came before us as a one-judge appeal, pursuant to § 752.31(2)(b), STATS. In order to resolve what the parties and the trial court saw as an apparent conflict between the procedures in §§ 66.12(1)(b) and 345.34, STATS., we reassigned the case to a three-judge panel, pursuant to RULE 809.41(3), STATS. As explained below, we see no conflict between the two sections.

The flaw in Kaehne's argument is that, in a civil action, a letter is an appearance. *See Artis-Wergin v. Artis-Wergin*, 151 Wis. 2d 445, 452–53, 444 N.W.2d 750, 753–54 (Ct. App. 1989). *Cf.* § 971.04, STATS. (listing procedures for which a defendant in a criminal case must be present). Kaehne appeared when he wrote the court and pled not guilty. *See* §§ 66.12(1)(d), 345.34(3), STATS. (specifically authorizing not guilty pleas by letter). The court received this letter on March 28, 1996. Kaehne's ten days in which to request a jury trial began to run at that time. *See* § 345.43(1), STATS.; *City of Madison v. Donohoo*, 118 Wis. 2d 646, 653, 348 N.W.2d 170, 174 (1984). As a result, his April 19 letter requesting a jury trial was untimely. *See State ex rel. Mattingly v. Glendale Mun. Ct.*, 109 Wis. 2d 53, 54–55, 325 N.W.2d 75, 75–76 (Ct. App. 1982).

We pause to note that the citation issued to Kaehne was not filled out correctly. It did not carry a "must appear" notation, but rather had the "no" box checked under "Is this a mandatory Court Appearance?" Furthermore, the "deposit/bail permitted" box has $687.50 filled in. These notations could have led Kaehne to mistakenly believe that he could just pay a fine and be done with the whole ordeal. This is exactly the disposal of OWI cases that the legislature meant to prevent by requiring an appearance. The legislative message is that OWI is a serious offense and may not be dealt with by simply paying a fine and driving off. In this case, however, this defect in no way prejudiced Kaehne as he chose to appear anyway, albeit by letter. It is true that had he chosen to be present in court he would have been informed about his right to a jury trial. *See* § 345.34(1), STATS. He chose instead to plead not guilty by letter pursuant to § 345.34(3). That sub-

section does not require the court to provide the same information as does subsec. (1). The legislature apparently has determined that those who take the time to come to court, instead of pleading not guilty by mail, are afforded a right to additional information. It is not for us to second guess this decision. *See Micheal T. v. Briggs*, 204 Wis. 2d 401, 410, 555 N.W.2d 651, 655 (Ct. App. 1996).

*By the Court.*—Judgment affirmed.