COURT OF APPEALS
DECISION
DATED AND FILED

September 26, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.**  **2018AP863**
**2018AP864**
**2018AP865**
**2018AP866**

Cir. Ct. Nos.  2017JC12
2017JC13
2017JC14
2017JC17

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE AWARD OF GUARDIAN AD LITEM FEES IN:

VERNON COUNTY DEPARTMENT OF HUMAN SERVICES,

    PETITIONER-RESPONDENT,

  V.

K. F. AND M. F.,

    RESPONDENTS-APPELLANTS.

APPEALS from orders of the circuit court for Vernon County: WILLIAM ANDREW SHARP, Judge. *Affirmed*.

¶1    NASHOLD, J.[1]   In these consolidated pro se appeals, K.F. and M.F. appeal the circuit court's decision ordering them to reimburse Vernon County for guardian ad litem costs.  K.F. and M.F. also appeal the order denying their motion to modify the order for reimbursement.  The circuit court's orders are affirmed.

## BACKGROUND

¶2    Vernon County Department of Human Services filed a Petition for Protection or Services under WIS. STAT. ch. 48 against K.F. and M.F. (collectively, appellants) with respect to each of their four minor children, A.H., H.H., W.F., and A.F.  *See* WIS. STAT. § 48.13(10).   K.F. requested the appointment of counsel due to indigency.  The circuit court appointed counsel for K.F. and for M.F.[2]

¶3    The circuit court subsequently appointed a guardian ad litem (GAL) to represent the children.  The court ordered that the GAL's costs be paid by Vernon County, to be reimbursed by the parents.  K.F. and M.F. were ordered to each pay 50% of the GAL costs, for a total of $6,870.50.

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2017-18).  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] Although the records contain requests for the appointment of counsel and orders appointing counsel with respect to K.F., no such order is in the record with respect to M.F. However, as set forth below, the circuit court concluded that both parties were found indigent and were appointed counsel.  Likewise, the appellants assert on appeal that counsel was appointed for both of them.  Although it makes no difference to the outcome of these cases, I assume that the circuit court and the appellants are correct that both K.F. and M.F. were found indigent and had counsel appointed to represent them.

¶4     The appellants filed a pro se motion in the circuit court to modify the order. The circuit court denied the appellants' motion, stating: "The parties were found indigent to qualify them for court-appointed attorneys that they would repay. There has been no showing of long term, total indigen[]ce."[3]

## DISCUSSION

¶5     The appellants filed these appeals contesting the circuit court's order requiring them to reimburse the county for GAL fees and the court's corresponding denial of their motion to modify. They contend that the court erred when it denied their motion to modify without giving them the opportunity to demonstrate their continued indigence. For the reasons set forth below, the appellants' arguments are unavailing.

¶6     The appellants' motion to modify the GAL reimbursement order was premised on the assertion that they had been found indigent for purposes of appointing an attorney and that they were still indigent. As a preliminary matter, I note that a past finding of indigency for purposes of appointment of counsel need not bind a court with respect to a subsequent determination regarding reimbursement of GAL fees.

¶7     Circuit courts have broad discretion to order or not to order parties to reimburse counties for GAL fees. The relevant statute reads, in pertinent part:

---

[3] Aside from this statement by the court, the records do not include any documentation indicating that the appellants were ordered to reimburse the county for court-appointed counsel. However, the outcome would be the same in these cases, regardless of whether reimbursement was ordered or not.

3

> [T]he court may order either or both of the parents of a child for whom a guardian ad litem is appointed under this chapter to pay all or any part of the compensation of the guardian ad litem.... If one or both parents are indigent or if the court determines that it would be unfair to a parent to require him or her to pay, the court may order the county of venue to pay the compensation and fees, in whole or in part. *If the court orders the county of venue to pay because a parent is indigent, the court may also order either or both of the parents to reimburse the county, in whole or in part, for the payment.*

WIS. STAT. § 48.235(8)(b) (emphasis added). As stated in the italicized language above, even where a parent is determined to be indigent and the county has been ordered to pay GAL fees, the circuit court may nevertheless order one or both parents to reimburse the county for GAL fees. Thus, even if the appellants had shown they were indigent, they have not shown that this fact would have exempted them from being ordered to reimburse the county.

¶8      The appellants cite ***Michael T. v. Briggs***, 204 Wis. 2d 401, 555 N.W.2d 651 (Ct. App. 1996), for the proposition that circuit courts *must* order the county to pay GAL fees if a parent is indigent. However, ***Briggs*** was decided under a previous version of the statute that required the county to pay GAL fees and did not provide for reimbursement to the county except in specific circumstances that are inapplicable here. *See* WIS. STAT. § 48.235(8) (1995-96) ("On order of the court, the guardian ad litem appointed under this chapter *shall be allowed reasonable compensation to be paid by the county of venue ....*" (emphasis added)). The statute has been amended since the ***Briggs*** decision to allow for reimbursement to the county, at the discretion of the court, even where the court has ordered the county to pay the GAL due to a parent's indigency.

4

¶9 Based on the foregoing, the appellants have failed to demonstrate that the circuit court erroneously exercised its discretion in ordering them to reimburse the county for GAL fees and in denying their motion to modify that order.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

5