## WAUKESHA COUNTY, Appellant,

### v.

## B.D., Dane County and Milwaukee County, Respondents.

Court of Appeals

*No. 90-2201. Submitted on briefs April 29, 1991.—Decided June 12, 1991.*

(Also reported in 472 N.W.2d 563.)

On behalf of the appellant, the cause was submitted on the briefs of *Jan A. Smokowicz,* assistant corporation counsel.

On behalf of the respondent B.D., the cause was submitted on the brief of Guardian ad Litem *Daniel P. Murray* of *Love, Voss & Murray* of Waukesha. On behalf of the respondent B.D., the cause was submitted on the brief of *Roy Froemming* of The Wisconsin Coalition for Advocacy of Madison. On behalf of the respondent Dane County, the cause was submitted on the brief of *Cal W. Kornstedt,* corporation counsel, and *Arnold N. Rusky,* assistant corporation counsel.

Before Nettesheim, P.J., Brown, and Scott, JJ.

BROWN, J.   The issue here is whether B.D., a severely mentally and physically disabled twenty-two-year-old man, is a resident of Waukesha county, as two circuit courts have said; a resident of Dane county, where he has lived at the Central Wisconsin Center for the Developmentally Disabled (Center) for the last

twenty years; or a resident of Milwaukee county, where he lived when he was sent to the Center at the age of two. What is at stake is which county pays for his placement in a community-based program, since the state pays the total costs only when a person is institutionalized.

We affirm the order of the circuit court that B.D. is a resident of Waukesha county because there are no new facts or law which warrant reopening previous *res judicata* determinations of residency and venue.

B.D. was born on October 8, 1968 in Milwaukee. In March 1970, his parents placed him at the Center in Dane county. B.D. has lived at the Center since 1970.

In October 1985, the Wisconsin Association for Retarded Citizens petitioned the Dane county probate court to appoint a guardian for B.D. and conduct a protective placement hearing. This action was taken following our supreme court's decision in *State ex rel. Watts v. Combined Community Services Board*, 122 Wis. 2d 65, 84, 362 N.W.2d 104, 113 (1985), which mandated annual reviews for institutionalized persons to determine if their placement was in the least restrictive environment.

At the time of the 1985 protective placement hearing, B.D.'s parents lived in Waukesha county, where they had moved from Milwaukee in 1977. In December 1985, the Dane county probate court entered a determination and order finding that B.D. was a resident of Waukesha county, appointing his father as his guardian, and protectively placing B.D. at the Center through the Waukesha County Unified Services Board. In May 1986, Waukesha county (Waukesha) filed B.D.'s 1986 annual review in the Dane county probate court. A few months later B.D. passed his eighteenth birthday.

In February 1987, Dane county requested that venue for the annual placement reviews be changed from

Dane county to the Waukesha county probate court because Waukesha was B.D.'s "county of residence." Waukesha was sent a copy of the petition for change of venue and a notice of hearing but did not appear. The Dane county court commissioner entered an order changing venue and reaffirmed Waukesha as B.D.'s county of residence. Waukesha did not appeal the order. Four months after the change in venue, in June 1987, B.D.'s parents moved out of the State of Wisconsin to Schaumberg, Illinois.

In November 1987 and December 1988, Waukesha conducted B.D.'s annual protective placement review in the Waukesha probate court. In both of those reviews, Waukesha county's Community Human Services Department and B.D.'s guardian ad litem (G.A.L.) recommended that B.D.'s placement continue to be at the Center. However, in his 1988 review, the G.A.L. expressed concern about the Center's ability to meet the progressive needs of B.D., especially after one more year when B.D. would cease being eligible for his program of special education offered by the Madison public schools. The G.A.L. also indicated that Waukesha had been contacted to begin investigating community placement options for B.D. The G.A.L. further recommended that those options "be fully investigated for a close scrutiny at the time of the 1989 annual review."

The next placement review was initiated in February 1990. The G.A.L. requested a full due process hearing and stated that the Center no longer provided the least restrictive placement for B.D. The G.A.L. also indicated that B.D.'s school program would terminate in June 1990. However, Waukesha filed a report recommending that B.D. remain at the Center.

In May 1990, Waukesha made a motion requesting that the protective placement review be dismissed or

that venue be changed to Dane county. Waukesha argued that B.D. was not a resident of Waukesha county because neither he nor his guardians were physically residing in Waukesha county. This motion was considered by the court at a prehearing conference in July 1990. The court concluded, *sua sponte,* that Milwaukee county should be given notice of and the opportunity to respond to Waukesha's motions questioning B.D.'s county of residence. Milwaukee county neither responded nor appeared at any subsequent hearings. Nor has Milwaukee county submitted any briefs in this appeal.

In September 1990, the court concluded that venue was properly in the Waukesha probate court, that the court had jurisdiction over B.D. because B.D. was a resident of Waukesha county, and that financial responsibility rested on Waukesha county. The court refused to stay the placement proceedings, but it granted an adjournment so that Waukesha could seek a stay from this court and permission to appeal the venue and residency issues.

Waukesha filed a petition for a stay and leave to appeal. We denied the stay but granted leave to appeal. We also granted a motion that a three-judge panel decide this case.

■■■■■

The trial court concluded that the 1985 and 1987 orders of the Dane county probate court were *res judicata* on the issues of residency and venue. Whether the doctrine of *res judicata* bars relitigation of an issue is a question of law which we review *de novo. See Desotelle v. Continental Casualty Co.,* 136 Wis. 2d 13, 21, 400 N.W.2d 524, 526 (Ct. App. 1986). For *res judicata* to act as a bar to subsequent action, there must be not only identity of parties but also identity of causes of action or

claims in the two actions. *Stuart v. Stuart,* 140 Wis. 2d 455, 460, 410 N.W.2d 632, 635 (Ct. App. 1987).

Waukesha argues that the 1985 and 1987 decisions of the Dane county probate court regarding residency and venue are not *res judicata* because there are new issues of fact and law. Waukesha first claims that financial responsibility for B.D. is a new fact. Waukesha contends that the 1985 and 1987 orders simply gave Waukesha the responsibility of conducting the annual placement reviews for B.D. while he remained at the Center where the state paid his expenses. Waukesha further argues that it was given no financial responsibility for B.D. in 1985 and thus the question of financial responsibility was not justiciable before the G.A.L. recommended a community-based placement in 1990. Waukesha also argues that the legislature's 1987 enactment of sec. 51.40, Stats. (1987–88),[1] presents a new issue of law governing the determination of residency and financial responsibility. Finally, Waukesha argues that the move of B.D.'s parents out of Waukesha county presents a new fact affecting the residency determination.

We first conclude that there are no new facts affecting the 1985 and 1987 orders. The 1985 order marked the start of Waukesha's financial responsibility for B.D. because it was issued in compliance with our supreme court's *Watts* decision mandating an annual placement review for institutionalized persons. *Watts,* 122 Wis. 2d at 84, 362 N.W.2d at 113. The annual placement review was for the purpose of determining the least restrictive environment for the institutionalized individual. The 1985 order gave Waukesha responsibility for the annual

---

[1]References to sec. 51.40, Stats., will be to the 1987–88 edition of the statutes. Section 51.40 was amended and renumbered by secs. 1590–1604, 1989 Wis. Act 31.

placement review and Waukesha accepted this responsibility. Thus, Waukesha was on notice since 1985 that acceptance of placement responsibilities for B.D. would require Waukesha's actual fiscal expenditures if B.D. ever required placement in a less restrictive environment than the Center.

Additionally, the 1987 venue order explicitly stated that the G.A.L. "reported to the Court that the ward [B.D.] continues to be the fiscal responsibility of Waukesha County . . .." Waukesha did not challenge that order or that language. Furthermore, in his 1988 report, the G.A.L. indicated that the county was contacted to begin investigation of community-based placement options. Waukesha raised no objection at that time.

Thus, we conclude that the G.A.L.'s 1990 recommendation for a community-based placement in Waukesha did not put Waukesha for the first time in a position of financial responsibility for B.D. The 1990 recommendation simply marked the beginning of attempts to collect on the debt created by the prior responsibility.

We also disagree with Waukesha's argument that sec. 51.40(2)(c), Stats., changes B.D.'s county of residence to either Dane county or Milwaukee county by operation of law. Section 51.40(2)(c), Stats., provides:

> *Individuals in state facilities.* Except as provided in pars. (a), (b) and (f), an individual who is in a state facility is a resident of the county in which he or she was a resident at the time the admission to the state facility was made. This paragraph may not be applied to change residence from a county, other than the county in which the facility is located, which has accepted responsibility for or provided services to the individual prior to August 1, 1987.

Waukesha underscores the first sentence of sec. 51.40(2)(c), Stats., in arguing that B.D. was a resident of

Milwaukee county at the time of admission to the Center and thus that Milwaukee county could be considered the county of residence. Waukesha also highlights the second sentence in asserting that Dane county should be B.D.'s county of residence because the Center is located in Dane county. Waukesha argues that the final part of the second sentence does not apply to Waukesha county because "accepted responsibility" refers to financial responsibility and Waukesha claims it never accepted financial responsibility.

█

We hold, however, that sec. 51.40(2)(c), Stats., is applicable only if sec. 51.40(2)(a) does not apply. Section 51.40(2)(a) provides:

> *Commitment or protective placement.* If an individual is under a court order of commitment under this chapter or protective placement under s. 55.06, the individual remains a resident of the county in which he or she has residence at the time the commitment or protective placement is made . . ..

█

We conclude that sec. 51.40(2)(a), Stats., determines B.D.'s residency, not sec. 51.40(2)(c). A court order of protective placement was made for B.D. in 1985 and Waukesha was found to be the county of residence at that time. Thus, Waukesha is still B.D.'s residence pursuant to sec. 51.40(2)(a).

Even if Waukesha were correct that sec. 51.40(2)(c), Stats., governs this case, we have already determined that Waukesha accepted financial responsibility for B.D. when it acquiesced to the 1985 order making Waukesha B.D.'s county of residence. Therefore, assuming *arguendo* that sec. 51.40(2)(c) applies, neither Milwaukee county nor Dane county is B.D.'s county of residence

because Waukesha accepted responsibility for B.D. prior to August 1, 1987.

Finally, we reject Waukesha's argument that the parents' move out of the state, and specifically the move of the father as B.D.'s guardian, creates a new cause of action on the residency issue. B.D.'s parents moved out of the state two years after the 1985 residency determination and almost one year after B.D. reached the age of eighteen.

■

We determine that, since B.D. was an adult incompetent, his domicile could not be moved outside the State of Wisconsin. *Town of Carlton v. State Dep't of Public Welfare,* 271 Wis. 465, 470, 74 N.W.2d 340, 343 (1956). To change B.D.'s residence to another Wisconsin county, B.D.'s parents would have had to move their physical residence to a new county in Wisconsin and indicate their intent that B.D.'s residence be changed to their new county. *See* sec. 49.01(8g) and (8r), Stats., and sec. 51.40(2)(f), Stats. B.D.'s parents did not move within Wisconsin and his father-guardian has indicated in writing that B.D.'s county of residence should be Waukesha county. Moreover, Waukesha conducted a placement review for B.D. in 1988 after the parents moved out of the county. Thus, we conclude that the move of B.D.'s parents to Illinois is not a new fact creating a new cause of action that permits a challenge to B.D.'s Waukesha residency.

■

We conclude that Waukesha county is the proper venue because Waukesha is the county of residence. *See* sec. 880.06(2), Stats.

*By the Court.*—Order affirmed.