In the INTEREST OF: JASON M. H.

In the MATTER OF the GUARDIANSHIP AND MENTAL COMMITMENT OF JASON M. H.:

WAUKESHA COUNTY, Appellant,

v.

DODGE COUNTY, Respondent.

Court of Appeals

*No. 98–3022. Submitted on briefs April 13, 1999.—Decided July 29, 1999.*

(Also reported in 601 N.W.2d 296.)

On behalf of the appellant, the cause was submitted on the briefs of *Fritz Mielke*, Waukesha County Assistant Corporation Counsel.

On behalf of the respondent, the cause was submitted on the brief of *Zev D. Kianovsky*, Dodge County Assistant Corporation Counsel.

Before Eich, Roggensack and Deininger, JJ.

ROGGENSACK, J. Waukesha County appeals from an order of the circuit court concluding that: (1) Waukesha County was properly notified of a proceeding in which it was determined to be the county of residence of Jason H., a developmentally disabled man; and (2) because there are no new facts relative to Jason's residence since the determination made on March 3, 1998, re-litigation of that issue is precluded. We conclude that the notice of hearing sent to Waukesha County for the March 3rd hearing was insufficient to bind Waukesha County by the determination of residency that resulted. Accordingly, we reverse and remand for a determination of residency which may be

made after an additional hearing or based on the evidence adduced at the July 8, 1998 hearing.

## BACKGROUND

Jason was born on March 4, 1980 to Charles and Mary Ellen H. (n/k/a Mary Ellen S.). Jason is severely developmentally disabled, incompetent, and unable to form the intent necessary to determine his residency. In 1982, Charles and Mary Ellen divorced in Dodge County, and Mary Ellen was granted joint legal custody and sole physical placement of Jason. After the divorce, Mary Ellen continued to live in Dodge County, but Charles moved to Waukesha County and has remained there ever since.

On January 27, 1988, Mary Ellen filed a petition in Dodge County alleging that Jason was a Child in Need of Protection and Services (CHIPS), case number 88-JV–13. The Dodge County circuit court found Jason was CHIPS and ordered him to be placed in a Dodge County foster home. Jason has remained in court-ordered, out-of-home placements ever since. In August 1989, Mary Ellen moved to Waukesha County where she continues to reside.

On February 10, 1998, Mary Ellen filed a Petition for Guardianship and Protective Placement for Jason, case number 98-GN–13. Dodge County received a notice of her petition, but Waukesha County did not. The hearing on her motion was set for March 4, 1998, Jason's eighteenth birthday.

On February 18, 1998, the same day it received Mary Ellen's petition in 98-GN–13, Dodge County moved for a venue[1] change to Waukesha County in 88-

---

[1] A county of venue in a CHIPS proceeding is the place where reviews of the services provided to the child are con-

JV–13, pursuant to § 48.185(2), STATS. The grounds for the motion were that Jason's residence[2] had changed to Waukesha County because he was a minor whose parents had lived in Waukesha County for longer than six months. No affidavit accompanied the motion, which was mailed to Waukesha County's Department of Health and Human Services by regular mail.

On March 3, 1998, one day before Jason's eighteenth birthday, a hearing was held on Dodge County's motion to change venue in 88-JV–13, before the Dodge County Circuit Court, the Honorable Daniel Klossner presiding. Waukesha County did not appear, nor did Jason or his parents. No witnesses gave testimony at the hearing, nor were any exhibits received. The court granted the motion to change venue in the juvenile case, but it made no findings of fact or determination of residency on the record.

On March 4, 1998, the Dodge County Circuit Court, with the Honorable Daniel Klossner once again presiding, heard Mary Ellen's Petition for Guardianship and Protective Placement in 98-GN–13, which it granted, making Mary Ellen, Jason's guardian and continuing Jason's placement in a Dodge County

ducted. It may be the same as or different from a child's county of residence. *See* § 48.185, STATS. Venue for a § 48.363, STATS., proceeding to modify a dispositional order when the child has been placed outside of the home, is the county where the dispositional order was issued, unless the child's county of residence has been changed or the parent of the child has resided in a different county for more than six months. Section 48.185(2). Waukesha County does not argue that Dodge County was not a proper venue for the motion to change venue.

[2] The county of residence of a ward is the county that is responsible for paying for the services provided. *See, e.g.,* §§ 51.40(1)(e) & 51.437(4), STATS.

assisted living center. It also addressed Dodge County's continuing request that the court conclude that Waukesha County was Jason's county of residence. However, the court was concerned that Waukesha County be afforded an opportunity to be heard on the issue of residency. It said:

> [I]f you're going to ask me to make that finding [that Waukesha County is his county of residence], they ought to have notice to be here to object. . . . The change of venue, folks, though, doesn't have anything to do with Mr. Kianovsky's request to find that this child is a Waukesha County resident. . . . I'm going to appoint the guardian but as far as the residency issue, I want somebody to notice them. We'll have a brief hearing and see if they come and object.

Notwithstanding Judge Klossner's concern about giving Waukesha County an opportunity to be heard on the residency issue, on April 21, 1998, *nunc pro tunc* to March 3rd, the Dodge County Circuit Court[3] made a "finding" in 88-JV–13 that Jason's county of residence "is and has been Waukesha County."

On April 22, 1998, at a hearing for emergency detention, case number 98-ME–45, the court committed Jason to the Winnebago Mental Health Institute and made a finding that Waukesha County was his county of residence. The court minutes reflect Waukesha County's corporation counsel participated in the hearing. The minutes also state, "For purposes of this order they will consider [Jason] a resident of Waukesha County. Court recognizes this may/will be [an] issue in the future."

---

[3] The April 21st order was not signed by the same judge that had presided at the March 3rd hearing.

On May 6, 1998, Waukesha County moved to reopen the residency issue in 88-JV–13 and to consolidate it with the other two cases which are the subject of this appeal: 98-GN–13 and 98-ME–45. A scheduling conference on Waukesha County's motion was held before two Dodge County Circuit Court judges, the Honorable Daniel Klossner and the Honorable Andrew Bissonnette. The order resulting from that conference states:

> In the above-referred juvenile file, guardianship file, and mental file, various Dodge County courts have found that Jason . . . was a resident of Waukesha County. In the mental commitment proceeding in particular, however, the Court reserved that issue for a contested hearing and simply made the finding that [Jason] was a resident of Waukesha County merely because of the similar findings in the other files, as well as the fact that the order had to designate a county of residence in order for the treatment facility to accept [Jason]. However, the Court is not imposing any greater burden on Waukesha County than on Dodge County to satisfy the Court as to his residence.
>
> Dodge County appears to be agreeable that the guardianship file and the mental commitment file can be consolidated for purposes of determining the issue of residence. Waukesha County is also asking that the juvenile file 88-JV–13 be reopened for purposes of the same determination. Dodge County is opposing the reopening of the juvenile file.

On July 8, 1998 an evidentiary hearing was held on Waukesha County's motion. Mary Ellen was the only witness. A stipulation of facts was received, as was a document detailing where Jason had been placed from 1987 forward. On September 4, 1998, the circuit court concluded that Waukesha County was properly

771

notified of the March 3, 1998 hearing. The court also decided that the determination which resulted from the March 3rd hearing, together with § 51.40(2)(a), STATS., and *Waukesha County v. B.D.*, 163 Wis. 2d 779, 472 N.W.2d 563 (Ct. App. 1991), dictated the conclusion that Waukesha County was Jason's county of residence and that there were no new facts relevant to that determination. This appeal followed.

## DISCUSSION

**Standard of Review.**

■ The construction of a statute, or its application to undisputed facts, is a question of law which we decide *de novo*, without deference to the circuit court's determination. *Juneau County v. Sauk County*, 217 Wis. 2d 705, 709, 580 N.W.2d 694, 695 (Ct. App. 1998).

**Notice.**

Because the circuit court was first presented with the residency issue in the context of a motion to change venue pursuant to § 48.185(2), STATS., it reasoned that because venue may be changed by revising the dispositional order, the notice provisions of § 48.363(1), STATS., which are applicable to such revisions, control. It concluded that notice was sufficient under § 48.363(1) to change venue; and therefore, Waukesha County was bound by the determination of residency made after the March 3rd venue proceeding. Additionally, it concluded that once Waukesha County was bound by that determination, § 51.40(2)(a), STATS., caused the county of residence immediately before Jason's commitment to be the county of residence after his commitment. How-

ever, as Judge Klossner correctly noted in an earlier proceeding, the real issue which required sufficient notice was not the determination of a proper venue for Jason's reviews, but rather, it was the determination of Jason's county of residence because it is the residency determination that controls which county has the potential[4] responsibility to pay for the services Jason receives.

On appeal, the parties agree that when Jason was protectively placed, he was not living in a state facility or in a nursing home; and therefore, the circuit court was incorrect in concluding that § 51.40(2)(a), STATS., applied to Jason's residency determination. *Juneau County*, 217 Wis. 2d at 711, 580 N.W.2d at 696.

Where the parties differ on appeal is in the contrary positions they take about whether § 48.363(1), STATS., provides the notice provisions that apply when one county seeks to adjudicate that the residency of a ward is in a different county. Waukesha County contends § 48.363(1) does not apply and that it must be joined as a defendant and served with a summons pursuant to § 801.11(4), STATS., before the court can bind it by the residency determination because "Chapters 801 to 847 govern procedure and practice in circuit courts of this state in all civil actions and special proceedings whether cognizable as cases at law, in equity or of statutory origin except where different procedure is prescribed by statute or rule." Section 801.01(2), STATS. Dodge County does not argue that it complied with ch. 801; instead, it contends that § 48.363(1) is a different procedure which is "prescribed by statute." It relies on § 48.363(1)'s requirement to notice "all parties bound by the dispositional order" as the provision which

---

[4] Some of the services Jason receives may be paid by other units of state and federal government.

applied to Waukesha County. Therefore, Dodge County reasons, because the county to which venue is being transferred is bound by the dispositional order, § 48.363(1), not § 801.11(4), establishes the proper procedure for notifying Waukesha County.

Because Dodge County's theory depends on statutory construction, we will examine the provisions of § 48.363(1), STATS. When we are asked to apply a statute whose meaning is in dispute, our efforts are directed at determining legislative intent. *Truttschel v. Martin*, 208 Wis. 2d 361, 365, 560 N.W.2d 315, 317 (Ct. App. 1997). In so doing, we begin with the plain meaning of the language used in the statute. If the language clearly and unambiguously sets forth the legislative intent, our inquiry ends, and we must apply that language to the facts of the case. *Id.*

Section 48.363, STATS., states in relevant part:

> **(1)** [C]orporation counsel in the county in which the dispositional order was entered may request a revision in the order that does not involve a change in placement. . . . The court shall hold a hearing on the matter if the request . . . indicates that new information is available which affects the advisability of the court's dispositional order and prior to any revision of the dispositional order, unless written waivers of objections to the revision are signed by all *parties* entitled to receive notice and the court approves. If a hearing is held, the court shall notify the child, the child's parent, guardian and legal custodian, all *parties* bound by the dispositional order, the child's foster parent . . . [and] corporation counsel in the county in which the dispositional order was entered . . . at least 3 days prior to the hearing.
>
> **(1m)** If a hearing is held under sub. (1), any *party* may present evidence relevant to the issue of

774

revision of the dispositional order. . . . A [person] who receives notice of a hearing under sub. (1) and an opportunity to be heard under this subsection does not become a *party* to the proceeding on which the hearing is held solely on the basis of receiving that notice and opportunity to be heard. (Emphasis added.)

■ Because Dodge County relies on the phrase "all parties bound" as describing the group to which Waukesha County belongs, we first examine the characteristics of "parties" under the statute. We note that from the face of the statute it is clear that "parties" are different from other persons who may be entitled to notice before a dispositional order is revised. For example, parties must sign a waiver of objections if no hearing is held on the proposed revision; parties are bound by dispositional orders; parties may present evidence; and a person who was noticed or who participates at the hearing does not become a party by virtue of that notice or participation. Section 48.363(1) & (1m), STATS. Additionally, although Dodge County contends that Waukesha County is a "party bound" by the order that resulted from the March 3rd hearing, it does not explain how Waukesha County was made a party. Furthermore, if it were a party, Dodge County does not assert that Waukesha County filed the waiver to objections as required by § 48.363(1) in order to permit the circuit court to make the necessary findings and order, without a hearing. Therefore, we conclude that § 48.363(1) does not set out a procedure "prescribed by statute" to adjudicate the issue of residence under the facts of this case.

Additionally, the circuit court's order of September 5, 1998 which forms the basis for this appeal, relies

entirely on the determination of residence that the court believed had been made on March 3rd, yet the record shows that the judge who presided on March 3rd did not believe the court's decision to change venue also determined Jason's residence: "if you're going to ask me to make that finding [that Waukesha County is Jason's county of residence], they ought to have notice to be here to object. . . . The change of venue, folks, though, doesn't have anything to do with Mr. Kianovsky's request to find that this child is a Waukesha County resident. . . . I want somebody to notice them." Clearly, the court was concerned that Waukesha County have an opportunity to be heard on that issue.

Notice and a meaningful opportunity to be heard are essential to the fairness of judicial determinations. With a quasi municipal body such as a county, notice may be set in motion through the procedures which establish personal jurisdiction or under a specifically prescribed statutory scheme. *See Watkins v. Milwaukee County Civil Serv. Comm'n*, 88 Wis. 2d 411, 415, 276 N.W.2d 775, 777 (1979); *see also* § 51.40(2)(g), STATS. (notice and appeal procedures that apply when a residency determination is made for an incompetent residing in a state institution or nursing home).

Dodge County has identified no statute, aside from § 48.363(1), STATS., which we have found insufficient to provide the requisite notice, that establishes a statutory scheme for the residency determination it sought to accomplish. And while we do not decide that serving a summons and a complaint for declaratory relief on Waukesha County according to the provisions of § 801.11(4), STATS., was the necessary method by which to achieve a binding determination in regard to the issue of residence, that would have been a sufficient

method to bring the issue before the court. Therefore, because Waukesha County had insufficient notice of the March 3rd hearing, we conclude that the decision of the circuit court must be reversed.

## CONCLUSION

We conclude that the notice of hearing sent to Waukesha County for the March 3rd hearing was insufficient to bind Waukesha County by the determination of residency that resulted. Accordingly, we reverse and remand for a determination of residency which may be made after an additional hearing or based on the evidence adduced at the July 8, 1998 hearing, where Waukesha County fully participated.

*By the Court.*—Order reversed and cause remanded.